■ In the Matter of MELVIN REISLER, an Attorney. — Motion for reinstatement to the Bar granted. Concur — Botein, P. J., Valente, Stevens, Eager and Steuer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK v. HAIL FELLOWS, INC.— Motion to dismiss appeal granted. Under subdivision 4 of rule V (part 1) of the Rules of the First Department, the record on appeal in this case was required to have been filed within 30 days after service of the notice of appeal. In *Tonkonogy* v. *Jaffin* (21 A D 2d 264) this court made it unmistakably clear that the rules with reference to time limitations for perfecting appeals are intended to be obeyed and followed. Failure to comply with the rules makes the appeal subject to dismissal in the discretion of the court. In *Tonkonogy* we said (p. 266) : "In order that such discretion may properly be exercised, the court is entitled to be fully advised as to the reasons for a delay in the prosecution of the appeal and as to the merits of the appeal". Although the delay here was not inordinate, appellant nevertheless was required to excuse even the short delay. No affidavit was submitted as to any excuse, but in a memorandum appellant's attorney states that failure to comply with the rules " has been due only to the fault of the appellant's attorney, and has not been deliberate ". Such a perfunctory scanty statement is inadequate as an excuse. In addition, there is no satisfactory showing of any merit to the appeal. Concur — Botein, P. J., Rabin, Valente, Eager and Bastow, JJ.

(Republished.)

■ ROBERT KORESKA, Doing business as W. KORESKA, Appellant, v. UNITED CARGO CORP., Defendant-Respondent and Third-Party Plaintiff-Respondent. PARKER WHITNEY LTD., Third-Party Defendant-Respondent. — Order, entered on October 19, 1964, reversed on the law, with $30 costs and disbursements to appellant and the motion for summary judgment for $13,939.72, the invoice price, in favor of plaintiff, is granted. Concur — Breitel, Steuer and Bastow, JJ.; Botein, P. J., and Stevens, J., dissent in an opinion by Stevens, J. · The order of this court entered on April 1, 1965 [23 A D 2d 37] is vacated.